IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

**HEATHER DAWN TAYLOR**, *Individually, and on behalf of herself and other similarly situated current and former employees*,

Plaintiff,

v.

**MULTIMATIC TENNESSEE, LLC**

Defendant.

No._____

**FLSA Collective Action**

**JURY DEMANDED**

## ORIGINAL FLSA COLLECTIVE ACTION COMPLAINT

Named Plaintiff, Heather Dawn Taylor ("Plaintiff"), individually, and on behalf of herself and all other similarly situated hourly-paid production employees, brings this Fair Labor Standards Act ("FLSA") collective action against and Multimatic Tennessee, LLC ("Defendant") and states as follows:

### I. INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated hourly-paid production employees.

2. Defendant violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked over forty (40) per week within weekly pay periods at one and one-half their regular hourly rate of pay.

3. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

1

## II. PARTIES

4. Plaintiff, Heather Dawn Taylor has been employed by Defendant as an hourly-paid production employee since April 17, 2016 to present. Plaintiff Taylor's consent to join form is attached as *Exhibit A*.

5. Defendant, Multimatic Tennessee LLC, is a Tennessee limited liability company with its principal offices at 871 Industrial Drive, Lewisburg, Tennessee 37091. Defendant's registered agent for service of process is CT Corporation, 300 Montvue Rd., Knoxville, Tennessee 37919-5546.

6. Defendant is a wholly integrated enterprise of Multimatic Inc. as that term is defined by 29 U.S.C. § 201(r) because their activities are performed through a unified and centralized operation and common control, and for a common business purpose.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction over this lawsuit under the FLSA because this lawsuit is brought pursuant to 29 U.S.C § 216 (b) and raises a federal question pursuant to 28 U.S.C § 1331.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and (c) because Plaintiff was employed by and worked for Defendant within this district and Defendant has conducted business within this district.

## IV. DESCRIPTION OF POTENTIAL PLAINTIFFS

9. Plaintiff asserts her FLSA claims pursuant to 29 U.S.C. § 216 (b) as a collective action on behalf of all similarly situated individuals who fall into the following description and join this action by filing a consent form:

> All current and former hourly-paid production employees of Defendant who performed work for Defendant at its Lewisburg, Tennessee facility during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of

final judgment in this matter including the Named Plaintiff and those who elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "potential plaintiffs").

## V. COVERAGE

10. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of 29 U.S.C. § 203(d).

11. Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) during all times material to this collective action.

12. During all times material, Defendant engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times material to this action, Defendant has been the "employer" of Plaintiff and those similarly situated, as that term is defined by §203(d) of the FLSA.

14. Plaintiff and similarly situated hourly-paid production employees have been "employees" of Defendant as that term is defined in the FLSA and, such employees have engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 206–207, during all times material to this action.

## VI. FACTUAL ALLEGATIONS

15. Defendant owns and operates an auto parts manufacturing facility in Lewisburg, Tennessee.

3

16. Plaintiff and those similarly situated were employed by Defendant during all times material to this action.

17. At all times material to this action, Defendant has had a time keeping system for the purpose of recording the hours worked by Plaintiff and similarly situated hourly-paid production employees.

18. Defendant has had a common practice of requiring, inducing, expecting, encouraging, and/or suffering and permitting, Plaintiff and those similarly situated to perform compensable activities "off the clock" prior to the beginning of their scheduled shifts (pre-shift "off the clock time") as well as after the ending of their scheduled shifts (post-shift "off the clock time") without compensating them for such compensable time, either by failing to record such work time into its time keeping system or "editing-out"/ shaving such compensable time from its time keeping system, during all times material to this action.

19. Plaintiff and those similarly situated performed compensable activities prior to the beginning of their respective shifts as well as after the ending of their respective shifts but were not compensated for such "off the clock" work at the applicable FLSA overtime rates of pay within weekly pay periods during all time material to this action.

20. Some of the uncompensated "off-the-clock" work performed by Plaintiff and other similarly situated current and former employees consisted of:

    a) being required, forced, induced, encouraged, expected and, suffered or permitted, to to prepare machines prior to the start of their shift, including but not limited to, setting the temperature of each machine in a particular work zone;

    b) being required, forced, induced, encouraged, expected and, suffered or permitted, to work post-shift until their machine hit the daily quota, or in other words, a set number

4

of parts that must be produced.

21. In addition, Defendant had a policy and practice of failing to compensate Plaintiff and those similarly situated for a mandatory, once a month, meeting during an unpaid meal period for what was supposed to be a 30-minute meal break.

22. Considering Plaintiff and those similar situated worked forty (40) or more hours of scheduled work per week for Defendant within weekly pay periods during all times material, the aforementioned "off the clock" time and mandatory unpaid once a month 30-minute meeting were to be paid as compensable overtime within weekly pay periods during all times material.

23. Defendant is aware of not compensating Plaintiff and those similarly situated for the time they performed such "off-the-clock" work and for the mandatory once a month unpaid 30-minute meeting within weekly pay periods during all times material.

24. The "off-the-clock" and mandatory once a month unpaid 30-minute meeting during the meal break wage claims of Plaintiff and those similarly situated are unified though common theories of Defendant's FLSA violations.

25. Defendant's common practice of not compensating Plaintiff and those similarly situated for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

26. Defendant's failure to compensate Plaintiff and those similarly situated for such unpaid mandatory once a month 30-minute meeting was willful with reckless disregard to the FLSA overtime compensation requirements and, without a good faith basis.

27. As a result of Defendant's lack of a good faith basis and willful failure to pay Plaintiff and those similarly situated in compliance with the requirements of the FLSA, Plaintiff and

5

class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

28. The net effect of Defendant's common practice of failing to pay Plaintiff and those similarly situated one-and one-half times their regular hourly rates of pay for all overtime hours worked within weekly pay periods during all times material to this action was to unjustly enrich themselves and enjoy ill-gained profits at the expense of Plaintiff and and those similarly situated.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings this case as a collective action on behalf of herself and potential plaintiffs pursuant to 29 U.S.C. § 216(b) to recover from Defendant unpaid overtime compensation, liquidated damages, statutory penalties, attorney's fees and costs, and other related damages.

30. Plaintiff and potential plaintiffs are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted in a failure to pay Plaintiff and potential plaintiffs for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA, and as previously described.

31. This action is properly maintained as a collective action because Plaintiff and potential plaintiffs have been similarly deprived of overtime compensation due to Defendant's unlawful pay policies and practices.

32. Plaintiff and potential plaintiffs also are similarly situated because their "off the clock" and unpaid meetings during meal time wage claims are unified through common theories of Defendant's FLSA violations.

33. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to plaintiff. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of plaintiffs to protect their interests.

34. Plaintiff will fairly and adequately protect the interests of potential plaintiffs as her interests are in complete alignment with those of potential plaintiffs, i.e. to pursue their aforementioned unpaid overtime compensation claims.

35. Counsel for Plaintiff will adequately protect her interests as well as the interests of all potential plaintiffs.

36. Defendant knew Plaintiff and those similarly situated performed compensable "off the clock" overtime work, without compensating them for such time at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this action.

37. Defendant knew Plaintiff and those similarly situated were not paid for the mandatory once a month 30-minute meeting.

38. Defendant's conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime requirements, which conduct caused significant damages to Plaintiff and potential plaintiffs.

39. Defendant did not have a good faith basis for its failure to compensate Plaintiff and potential plaintiffs for all their compensable overtime hours at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this action.

40. Therefore, Defendant is liable to Plaintiff and potential plaintiffs under the FLSA for

failing to properly compensate them for their unpaid overtime.

41. Plaintiff requests this Court to facilitate notices to potential plaintiffs to inform them of the pendency of this action and their right to join this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

42. Plaintiff estimates there are more than 100 potential plaintiffs. The precise number of potential plaintiffs can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents.

43. Given the composition and number of potential plaintiffs, they may be informed of the pendency of this action directly via U.S. mail, e-mail, text messaging and by posting notice at Defendant's Lewisburg, Tennessee facility.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

44. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

45. At all times material, Plaintiff and potential plaintiffs have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

46. Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and potential plaintiffs also have engaged in interstate commerce during all times material to this action.

47. At all times material, Defendant has been an "employer" of Plaintiff and potential plaintiffs, as such term is defined by the FLSA.

48. Plaintiff and potential plaintiffs were "employees" of Defendant within the meaning of the FLSA's overtime wage requirements during all times material.

49. Plaintiff and other potential plaintiffs have been similarly situated individuals within the

meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

50. Defendant's practice of requiring, inducing, expecting, encouraging, and/or suffering and permitting, Plaintiff and potential plaintiffs to perform pre and post-shift "off the clock" work without recording such work time into its time keeping and not compensating them at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material for such time violated the overtime provisions of the FLSA – as previously described.

51. Defendant's policy and practice of not compensating Plaintiff and potential plaintiffs for a mandatory once a month unpaid 30-minute meeting at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material for such time violated the overtime provisions of the FLSA – as previously described.

52. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

53. Through their actions and practices, Defendant has violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and potential plaintiffs for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this action.

54. Defendant's actions were willful with reckless disregard to clearly established FLSA provisions.

55. Defendant did not have a good faith basis for its conduct.

9

Case 1:23-cv-00078   Document 1   Filed 11/16/23   Page 9 of 12 PageID #: 9

56. The unpaid overtime claims of Plaintiff and potential plaintiffs are unified through common theories of Defendant's FLSA violations.

57. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and potential plaintiffs have suffered and will continue to suffer a loss of income and other damages.

58. Therefore, Defendant is liable to Plaintiff and potential plaintiffs for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of potential plaintiffs, requests the Court to enter judgment in their favor on this Complaint and:

a) Promptly facilitate notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of pendency of this action and permitting potential plaintiffs to assert timely FLSA claims in this action by filing individual consents to join under 29 U.S.C. § 216(b);

b) Award Plaintiff and potential plaintiffs FLSA statutory damages against Defendant;

c) Award Plaintiff and potential plaintiffs all unpaid overtime compensation against Defendant;

d) Award Plaintiff and potential plaintiffs liquidated damages in accordance with the FLSA against Defendant;

e) Award Plaintiff and potential plaintiffs prejudgment interest (to the extent that liquidated damages are not awarded);

f) Award Plaintiff and potential plaintiffs post-judgment interest and court costs as allowed by law;

g) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, apply the three (3) year statute of limitations under the FLSA to this action;

h) Award Plaintiff and those similarly situated reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

i) Allow Plaintiff to amend her Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiff and potential plaintiffs may be entitled; and

k) Provide further relief as the Court deems just and equitable.

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: November 16, 2023.

                              Respectfully Submitted,

                              */s/J.Russ Bryant*
                              J. Russ Bryant (TN BPR #33830)
                              Gordon E. Jackson (TN BPR #8323)
                              James L. Holt, Jr. (TN BRP #12123)
                              J. Joseph Leatherwood IV (TN BPR#39490)
                              **JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
                              Attorneys at Law
                              262 German Oak Drive
                              Memphis, Tennessee 38018
                              Telephone: (901) 754-8001
                              Facsimile: (901) 754-8524
                              *gjackson@jsyc.com*
                              *rbryant@jsyc.com*
                              *jholt@jsyc.com*
                              *jleatherwood@jsyc.com*

                              ***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***